The People of the State of Illinois, Defendant in Error, v. Harry F. Wilson, Plaintiff in Error.

DRAM-SHOPS—*what proof essential to conviction for. maintaining saloon in' anti-saloon territory.* To warrant a verdict of guilty in such case it is essential that the People prove beyond a reasonable doubt that the act complained of took place in an anti-saloon territory or district.

Error to the County Court of Champaign county; the Hon. W. G. SPURGIN, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 15, 1912.

F. T. CARSON, for plaintiff in error.

F. A. COGGESHALL, for defendant in error; O. B. DOBBINS, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Under an information filed October 28, 1910, charging the plaintiff in error with having maintained a nuisance, by keeping a place where intoxicating liquor was sold, in anti-saloon territory, he was found guilty by a jury in the County Court and sentenced to pay a

fine of fifty dollars, to be committed to the county jail for a period of twenty days, and to enter into bonds that he would not thereafter permit the sale of intoxicating liquors upon the premises where he was found guilty of having maintained such nuisance. While the evidence fully warranted the jury in finding that the defendant had, within eighteen months prior to the filing of the information, sold intoxicating liquors upon the premises described in the information, it failed to establish that the place where the said nuisance was maintained was anti-saloon territory. The only attempt to show such fact was the introduction in evidence by the People, of a paper purporting to be a certificate of the town clerk of the town of Champaign, showing the result of a town election purporting to have been held on the 5th day of April, 1910, where the proposition ''Shall this town continue to be anti-saloon territory?'' was submitted; that 1661 votes were cast in the affirmative and 1304 in the negative.

To warrant a verdict of guilty it was essential that the People should prove beyond a reasonable doubt, that the act complained of took place in an anti-saloon territory or district. We do not think the proof made was sufficient to establish such material allegation. It cannot be inferred from the mere fact that the question whether the town should remain anti-saloon territory was submitted to and answered in the affirmative by the voters, that the town theretofore had been declared to be anti-saloon territory.

For the reason stated, the judgment of the County Court must be reversed and the cause remanded.

*Reversed and remanded.*